# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 1:18-CR-00025-004 |
| | ) | |
| LACEY CHERI WEIR | ) | |
| | ) | |
|     Defendant | ) | |

## SENTENCING MEMORANDUM

**COMES NOW** the Defendant, Lacey Cheri Weir, by counsel, pursuant to 18 U.S.C. Section 3553(a) and respectfully represents as follows:

On November 6, 2018, Lacey Cheri Weir pled guilty to one count of Conspiring to Distribute 500 grams of methamphetamine in violation of 21 U.S.C. Section 846, Section 841(b)(1)(A). Lacey has accepted responsibility for her unlawful actions, and since her arrest has acted responsibly and been a model prisoner during her incarceration.

The Defendant, Lacey Cheri Weir, is 29 years old, single, and is the mother of one daughter, age 1 year, currently being raised by her brother and his wife.

Lacey was one of two children born to Raymond and Dee Anne Weir. Lacey's brother was hearing impaired and was sent away to school for his education. Lacey's parents were methamphetamine addicts. At the age of 14, Lacey's parents introduced Lacey to methamphetamine by smoking the drug with her. While her father reports to have not used illegal or illicit drugs for nine years, Lacey's mother has continued to have a drug addiction. Her mother has just recently been released from a court-ordered drug rehabilitation facility.

Due to her parents' lack of parental responsibilities and their failure to provide positive role model examples, Lacey became addicted to methamphetamine and later to heroin, and her

life has been built around this addiction. Her addiction is the reason she has such a lengthy criminal history, which began when she was just 18 years of age. Most of Lacey's charges are misdemeanors – violation of probation, possession, being under the influence of a controlled substance, possession of drug paraphernalia, burglary, shoplifting. She does not have a history of violent behavior.

Lacey's daughter is being raised by her hearing-impaired brother and his hearing-impaired wife. In January, 2018, Lacey entered into a Suboxone treatment program trying to overcome her addiction so that she could be a better role model to her child. Lacey recognized the damage that had been inflicted on her by her drug-addicted parents. She has stated that she knew in January, 2018, that "she was in a lot of trouble and not with the law." Lacey did not want to continue as a drug addict and attempted to break the hold methamphetamine had on her for the sake of her child, but without appropriate substance abuse treatment and time to detox, Lacey was still using methamphetamine at the time of her arrest.

After her arrest, Lacey willingly spoke with the investigators, the government and testified in front of the Grand Jury. She readily spoke of her criminal activities and answered any questions put to her. Lacey accepted responsibility for her part in the illegal activity and her cooperation reflected her remorse. She acknowledged her wrongdoing; she acknowledged she was a drug addict; and she acknowledged that in order to feed that habit, she committed crimes. They were not violent crimes. The guidelines, due to the extensive misdemeanor history of Lacey, call for a sentence of 24 to 30 years. If given this sentence, a substantial part of Lacey's life will be spent in prison.

**Section 3353(a)(2) requires a sentence sufficient but not greater than necessary to achieve the sentencing goals of (a) reflecting the seriousness of the offense, promoting respect for the**

**law, and providing just punishment, (b) affording adequate deterrence to criminal conduct, (c) protecting the public from further crimes, and (d) providing educational or vocational training, medical care or other correctional treatment.** Under U.S. Title 18 § 3553(a)(2), a sentence of no greater than ten years is certainly lengthy enough to reflect the seriousness of her offense, to deter her in the future, to protect the public, and to allow her time needed to complete the residential drug treatment program through the Bureau of Prisons.

In closing, Lacey Cheri Weir urges the Court to consider all of the mitigating circumstances of her childhood in determining her sentence and to sentence her to a sentence that is sufficient, but not greater than necessary.

**LACEY CHERI WEIR**

**- By Counsel -**

*/s/ A. Benton Chafin, Jr.*
**Virginia Bar Number: 24732**
**Attorney for Defendant**
**CHAFIN LAW FIRM, P.C.**
**44 East Main Street**
**Post Office Box 1210**
**Lebanon, Virginia 24266**
**Telephone No.: (276) 889-0143**
**Facsimile No.: (276) 889-1121**
**E-mail: bchafin@chafinlaw.com**

**CERTIFICATE OF SERVICE**

I, A. Benton Chafin, Jr. Counsel for Defendant, Lacey Cheri Weir, do hereby certify that I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Zachary T. Lee, Assistant United States Attorney for the Western District of Virginia, by electronic mailing to,

USAVAW.ECFAbingdon@usdoj.gov, and to all other counsel of record by electronic mailing, on this the 15th day of May, 2019.

*/s/* ***A. Benton Chafin, Jr.***
**Virginia Bar Number: 24732**
**Attorney for Defendant**
**CHAFIN LAW FIRM, P.C.**
**44 East Main Street**
**Post Office Box 1210**
**Lebanon, Virginia 24266**
**Telephone No.: (276) 889-0143**
**Fax No.: (276) 889-1121**
**e-mail: bchafin@chafinlaw.com**
